UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          CRIM. CASE NO. 14-20361

      Plaintiff,

v.

          PAUL D. BORMAN
          UNITED STATES DISTRICT JUDGE

RONALD HARRIS,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS HANDGUN**

Defendant filed a Motion to Suppress a handgun seized by the Detroit Police Department

on May 28, 2014. The Court received briefing and heard argument from the parties.

<u>FACTS</u>

On May 28, 2014, two Detroit Police Officers, on marked car patrol on Mohican Street,

saw Defendant Harris and another individual walking on the sidewalk. When the police car

came into view of the two men, they split up, and Defendant began walking in the street. As the

officers drove in Mr. Harris' direction, he took off running. One officer exited the scout car and

gave chase at which time he saw Defendant toss what appeared to be a gun. The officers

ultimately came up to Defendant, found him hiding between two cars and detained and

handcuffed him and placed him in the squad car. When they couldn't find the weapon, an officer

in the car called dispatch to send a canine unit to assist with the search. At this point Defendant

spontaneously said – "I'll tell you where it is, and pointed to the area where the police recovered

1

the gun – the flower bed near where Defendant was running.

Defendant seeks to suppress the gun seized, as a violation of the Fourth Amendment.

The Court DENIES Defendant's motion because he abandoned the gun before it was seized, so there was no Fourth Amendment violation.

As the United States Court of Appeals for the Sixth Circuit noted in *United States v. Ricky Martin*, 399 F.3d 750, 753 (6th Cir. 2005) the Supreme Court's holding in *California v. Hodari D*, 499 U.S. 621, 626 (1991) is that a suspect is not seized until he submits to police authority.

In this case, Defendant abandoned the gun before he was seized – clearly he did not submit to police authority when he was running.  As the Sixth Circuit stated in *Smith*:

> Because he had not been seized when he discarded his revolver, under *Hodari D*, he abandoned it and it is irrelevant whether police misconduct caused the abandonment.

*Martin* at 753.

Accordingly, Defendant's Motion to Suppress the pistol is DENIED.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 8, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 8, 2015.

s/Deborah Tofil
Case Manager

2