UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          CRIM. CASE NO. 14-20361

    Plaintiff,

v.          PAUL D. BORMAN
          UNITED STATES DISTRICT JUDGE

RONALD HARRIS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS HIS STATEMENTS**

On January 8, 2015, the Court held a hearing on Defendant's Motion to Suppress his Statement. For the reasons set forth below, the Court denies Defendant's Motion to Suppress.

Officer Michael Manzella testified that on May 28, 2014 he saw Defendant Harris, while running from police officers, pull out a firearm and throw it away. Police Officers caught up with the fleeing defendant, seized and detained him in the rear seat of a police car while they conducted a "backtrack" search for the weapon, i.e. going over his route of flight to try and find the discarded weapon. When the officers couldn't find the weapon, Officer David Shaw returned to the police car in which Defendant was detained and called police dispatch to send a canine unit to the scene to assist with the search for the weapon. Dispatch ultimately reported over the police radio that it had secured a canine unit in a neighboring district to send. That conversation was broadcast over police radio; Defendant, who was seated in the police car could hear it.

1

Officer Shaw testified that shortly after that dispatch response Defendant voluntarily stated: "F . . . it; I'll tell you where I threw it." and directed Shaw to the location where he recovered the weapon. Defendant was not Mirandized prior to that statement.

The original interaction between Defendant and the police officers who were patrolling the neighborhood in a marked squad car came when the policemen saw Defendant, after the police car entered a street, leave his companion on the sidewalk, and begin walking in the street. As the officers drove in his direction, Defendant began to run, whereupon the police exited the car and ran after him, at which point Officer Shaw saw him dispose of a gun while on the run.

The Court finds that, given Defendant's conduct, the Officers had a basis to stop and question him, and then detain him in the back seat of a police car.  Both parties agree that Defendant was not provided with *Miranda* warnings prior to his statement.  The critical issues are whether his statement, after hearing the police radio request for a canine to search for the gun, were:

> 1. whether the radio colloquy regarding the dispatch of a canine unit to search for the gun, which the officers were unable to find, amounted to interrogation of Defendant;
>
> 2.  whether defendant's statement was a spontaneous declaration, not induced by interrogation;
>
> 3. whether defendant's statement is admissible under the "public safety exception" to *Miranda*, so as to prevent other individuals from the public from finding that gun in an open area, and using it against the public.

 As to #1, the Court concludes that the officer's request for a canine unit was not the functional equivalent of, or tantamount to interrogation.  That request was not something that

would likely elicit an incriminating response under *Rhode Island v. Innis*, 446 U.S. 291 (1980).

As to #2, the Court concludes that it was a spontaneous statement not in response to interrogation.

As to #3, the Court concludes that, given the officer's belief that Defendant had discarded a pistol in a public area where it could be recovered by the public in general, there is legal support for the police telephonically requesting a canine unit under the "public safety" exception, to seize and secure the firearm under *New York v. Quarles*, 467 U.S. 649 (1984).

Finally, the Court notes that pursuant to *United States v. Patane*, 542 U.S. 630 (2004), the fruit of the poisonous tree doctrine does not apply to evidence seized as a result of a *Miranda* violation.

Thus, even though Officer Shaw's testimony established that Defendant Harris had been detained in the police car for 20-25 minutes while police searched for the tossed pistol, his seizure was proper, given his prior tossing of a pistol in a public place during a chase.

Further, the Court does not find any legal violation of Defendant's rights in the admission of his spontaneous declaration, after hearing that a canine unit was "on the way", and his subsequent indicating to the officers the exact location of the loaded discarded pistol under the window in a flower bed at a house.

As for the radioing dispatch for a canine unit, the Court finds that neither officer was speaking to defendant, much less seeking to secure an incriminating statement from him.

Summary

There was a reasonable basis to make an investigation stop and detention of Defendant. *United States v. Smith*, 594 F.3d 530 (6th Cir. 2010). Certainly, seeing the Defendant toss what

3

appeared to be a pistol while running away from investigating police officers created a basis for Defendant's seizure and investigatory detention. The period of detention was not excessive, given the officer's need to seize and secure a pistol to protect the public.

The United States Court of Appeals for the Sixth Circuit noted in *United States v. Martin*, 399 F.3d 750, 753 (6th Cir. 2005) that where a defendant, fleeing from police officers discards a gun, "he abandoned it, and it is irrelevant whether police misconduct caused the abandonment."

Further, the Supreme Court held in *New York v. Quarles*, 467 U.S. 649, 655-56 (1984) that "there is a 'public safety' exception to the requirement that *Miranda* warnings be given before a suspect's answers may be admitted into evidence, and that the availability of that exception does not depend upon the motivation of the individual officers involved."

Accordingly, Defendant's Motion to Suppress his Statement is DENIED.

SO ORDERED.

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: February 10, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2015.

                                          s/Deborah Tofil
                                          Case Manager